# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 05-2153

_____

| | |
|---|---|
| Jaeson Riggan, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Western District of Arkansas. |
| Jo Anne B. Barnhart, Commissioner | * [UNPUBLISHED] |
| of Social Security Administration, | * |
| | * |
| Appellee. | * |

_____

Submitted: April 7, 2006
Filed: April 14, 2006

_____

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Jaeson Riggan appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. In his November 2001 applications, he alleged disability since April 1999 from chronic bronchitis and low-back pain, asthma, chronic obstructive pulmonary disease (COPD), and depression. After a May 2003 hearing, an administrative law judge (ALJ) determined

_____

[1]The Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

(1) Riggan's bronchitis, with underlying asthma, and his back problem, were severe, but not of listing-level severity, alone or combined; (2) his statements about his impairments and their impact on his ability to work were generally credible but supported a finding that he could perform a wide range of sedentary work; (3) his residual functional capacity (RFC) precluded his past relevant work; and (4) based on a vocational expert's (VE's) testimony, Riggan could perform other jobs existing in substantial numbers regionally and nationally. The Appeals Council denied review, and the district court affirmed. Having carefully reviewed the record, we conclude that substantial evidence supports the ALJ's decision. See Draper v. Barnhart, 425 F.3d 1127, 1130 (8th Cir. 2005) (standard of review).

We reject Riggan's argument about meeting a respiratory listing, because he has not specified a respiratory listing he meets, nor has he linked the medical-record entries he references to requirements for any of the nine respiratory listings. See Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005). We also reject Riggan's contentions that the ALJ's credibility findings were based solely on the lack of corroborating medical evidence, and that the ALJ ignored more recent medical records supportive of his claims. Because the credibility findings are supported by multiple valid reasons, they are entitled to deference. See Goff v. Barnhart, 421 F.3d 785, 791-92 (8th Cir. 2005).

As to Riggan's challenges to the RFC findings, the findings were based, as required, on the medical records, the observations of treating physicians and others, and Riggan's own description of his limitations. See Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004). The RFC opinion by treating physician Bruce White, upon which Riggan relies, could reasonably be interpreted as related to Riggan's ability to perform his past work; and more important, it is vague and conclusory. See Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005) (medical-source opinion that applicant is disabled or unable to work involves issue reserved for Commissioner and is not type of medical opinion to which Commissioner gives controlling weight). As to Riggan's

reliance on the records of Dr. Kimberly Agee, in June 1999 (when Riggan, by his own reports to physicians, was still smoking) she noted that he had not been to work in over a month, and that if his condition was purely an occupational disorder, she would have expected improvement. This is not supportive of a finding that Riggan was disabled from all work. The nonexertional limitations the ALJ included--avoidance of moderate exposure to pulmonary irritants (e.g., dust, fumes)--were the only ones supported by substantial evidence. And significantly, the ALJ discounted the RFC opinions of Social Security Administration reviewing physicians, and tailored his RFC findings for the most part to Riggan's testimony. Because the ALJ's RFC findings are supported by substantial evidence, Riggan's vague challenge to the hypothetical necessarily fails as well. See Goff, 421 F.3d at 794 (hypothetical question is sufficient if it sets forth impairments supported by substantial evidence in record and accepted as true).

Riggan's remaining arguments, which are undeveloped, provide no basis for reversal. Accordingly, we affirm.

_____